UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES R. BURRITT, | : Civil Action No.  16-1145 (FLW) |
| Plaintiff, | : |
| v. | : REPORT AND RECOMMENDATION |
| FRAMAUR ASSOCIATES, L.L.C., | : |
| Defendant. | : |

This matter was commenced with the filing of Plaintiff's Complaint on February 29, 2016.  Plaintiff James R. Burritt is the assignee for the benefit of the creditors of RAM Nationwide, Inc., RAM Motor Freight, Inc. and RAM Transportation Services, Inc. (collectively, "RAM").  In this action, Plaintiff seeks to collect $881,141.33 for trucking and shipping services performed on behalf of Defendant Framaur Associates, L.L.C., a shipping broker.  Plaintiff maintains that RAM had a valid and enforceable contract with Defendant, that RAM performed in accordance with that contract, that RAM submitted invoices to Defendant for the services provided, that there is a principal balance of $881,141.33 due and owing to RAM, and that Defendant has failed to make payment despite RAM's demand for same.  *See generally* Plaintiff's Complaint [dkt. no. 1].

Defendant filed an Answer to the Complaint on April 13, 2016 in which it generally denied Plaintiff's claims.  *See* dkt. no. 5.

An initial scheduling conference was conducted by the Court, pursuant to Fed. R. Civ. P. 16, on May 24, 2016.  Following that conference, a Pretrial Scheduling Order was filed on May 24, 2016, pursuant to which the parties were to serve written discovery requests by June 1, 2016.  *See* dkt. no. 7.

On July 14, 2016, the Court conducted a telephone status conference with counsel.  During that conference, Plaintiff's counsel reported that Defendant's responses to Plaintiff's discovery requests were overdue and made an informal application for an Order compelling Defendant to provide discovery.  Having considered the argument of counsel, and concluding that Defendant had no reasonable justification for its failure to provide the discovery sought by Plaintiff, the Court entered an Order directing Defendant to respond by August 15, 2016.  In addition, Defendant was warned that "[f]ailure to comply may result in the imposition of sanctions including suppression of defenses."  *See* dkt. no. 10.

By letter dated August 18, 2016, Plaintiff's counsel advised the Court of Defendant's failure to comply with the July 19, 2016 Order.  On July 22, 2016, defense counsel advised the Court that Defendant no longer intended to defend against Plaintiff's claims.  In light of the foregoing, the Court directed Plaintiff to submit a Certification detailing Defendant's default.

Plaintiff's counsel filed a Certification on August 23, 2016 in support of Plaintiff's application to strike Defendant's Answer and to enter Judgment against Defendant. *See* dkt. No. 12.  In addition, Plaintiff has filed the Declaration of James R. Burritt setting forth setting forth the bases of Plaintiff's claims and Plaintiff's calculation of the amounts due and owing from Defendant.  *See* dkt. no. 13.

No opposition to Plaintiff's application has been submitted and Defense counsel has confirmed that Defendant does not intend to further defend this action nor oppose the entry of the Judgment sought by Plaintiff.

Accordingly, finding that good cause exists, this Court recommends the following:

1. Defendant's Answer be stricken; and

2. Entry of Judgment in favor of Plaintiff and against Defendant in the principal amount of $881,141.33, together with pre-judgment interest of $1,231.18, and costs of suit in the amount of $400.00; and it is further

ORDERED that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

DATED: September 22, 2016        *s/ Douglas E. Arpert*
                                 DOUGLAS E. ARPERT
                                 United States Magistrate Jude